Filed 6/30/21  P. v. German CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROGELIO GERMAN,<br><br>    Defendant and Appellant. | F081543<br><br>(Kings Super. Ct. No. 19CM3121)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Rogelio German pleaded no contest to continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a))[1] and was sentenced to the indicated term of 12 years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

The parties stipulated to the following factual basis for defendant's plea. "[T]he [defendant], who was married to the victim's mother, committed three acts of sexual abuse against the victim who was of the age ten at the time. Within three months the [victim] reported the defendant touched her breasts on the skin-to-skin contact, he inserted his finger into her anus, as well as touching her vagina over the clothes, as well as under the clothes."

"The victim has stated this occurred when she was of the age of ten and it had been occurring since [and] until law enforcement was involved. This occurred in the City of Hanford, which is in the County of Kings."

## PROCEDURAL BACKGROUND

On July 5, 2019, a felony complaint was filed in the Superior Court of Kings County charging defendant with count 1, continuous sexual abuse of a child (§ 288.5, subd. (a)); count 2, sexual penetration with a foreign object on a victim under the age of 14 years (§ 289, subd. (a)(1)(B)); count 3, commission of a lewd act upon a child with bodily injury (§ 288, subd. (a)); counts 4 and 5, oral copulation or sexual penetration of a child under the age of 10 years (§ 288.7, subd. (b)); and count 6, aggravated sexual assault of a child (§ 269, subd. (a)(1)).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

**Competency proceedings**

On July 23, 2019, upon defense counsel's advisement, the court declared a doubt as to defendant's competency pursuant to section 1368, appointed an expert, and suspended criminal proceedings.

On August 20, 2019, the court reviewed the expert's report, the parties submitted the matter, and the court found defendant was not competent. On September 17, 2019, the court committed defendant to the Department of State Hospitals and issued an order for the involuntary administration of psychotropic medication as necessary.

On December 31, 2019, the court stated it had received a certification of competency, the parties submitted the matter, and the court found defendant was restored to competency and reinstated criminal proceedings.

**Plea and sentencing**

On May 12, 2020, defendant entered into a negotiated disposition and pleaded no contest to count 1, continuous sexual abuse of a child on or between March 5, 2018, and July 3, 2019, in violation of section 288.5, subdivision (a), for the stipulated midterm of 12 years in prison. The court granted the prosecution's motion to dismiss the remaining charges. The court advised defendant that he would be subject to lifetime registration as a sex offender. As part of the plea, defendant was advised and agreed that he would waive his right to an appeal.

On June 1, 2020, the court issued an order prohibiting contact between defendant and the victim until the victim was 18 years old.

On June 10, 2020, the court imposed the midterm of 12 years and ordered him to register as a sex offender pursuant to section 290, consistent with the negotiated disposition, and stated that the no-contact order had been issued.

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), suspended the parole revocation fine in the same amount (§ 1202.45), and ordered victim restitution in an amount to be determined (§ 1202.4, subd. (f)). It also imposed a total "criminal

violation distribution" of $1,240, consisting of the following amounts: a court operations assessment of $40 (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), a penal fine of $300 (§ 290.3), a state penalty assessment of $300 (§ 1464), a state surcharge of $60 (§ 1465.7), a county penalty assessment of $210 (Gov. Code, § 76000), a court construction penalty of $150 (Gov. Code, § 70372), a DNA and fingerprint funding assessment of $30 (Gov. Code, § 76104.6), and a DNA funding penalty assessment of $120 (Gov. Code, § 76104.7).

On August 5, 2020, defendant, in pro. per., filed a notice of appeal; his request for a certificate of probable cause was granted.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 14, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.